IN THE UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **Khiry Mungin**, ) | Civil Action No. 2:15-4931-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| **Charleston County, J. Al Cannon,** ) | |
| **in his capacity as Sheriff of Charleston** ) | |
| **County, and Charleston County** ) | |
| **Sheriff's Department,** ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This action was originally filed by the Plaintiff in the South Carolina Court of Common Pleas, Ninth Judicial Circuit (Charleston County). The Defendants subsequently removed the case to this United States District Court on December 11, 2015, asserting that Plaintiff alleges causes of action arising under the Constitution and laws of the United States and that this Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343. See also 28 U.S.C. § 1441.

Shortly following removal, the Defendants filed a motion to dismiss the case pursuant to Rule 12, Fed.R.Civ.P. Plaintiff filed a response in opposition to the Defendants' motion on January 4, 2016, to which Defendants filed a reply memorandum on January 14, 2016. Defendants'



1

motion is now before the Court for disposition.[1]

### Discussion

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if the Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". <u>Ashcroft v. Iqbal,</u> 129 S.Ct. 1937, 1949 (2009). Here, Defendants argue that this case should be dismissed on several grounds, including that Plaintiff has failed to named proper party Defendants and has included claims that are not cognizable under state law. After a careful review of the filings of the parties and the allegations of Plaintiff's Complaint, the undersigned finds for the reasons set forth hereinbelow that, to the extent Plaintiff has even asserted any federal claims (which is unclear from a plain reading of the Complaint itself),[2] those claims should be dismissed, with Plaintiff's remaining state law claims then being remanded back to state court for disposition.

According to the allegations of the Complaint, this action arises out of a traffic stop that occurred on November 8, 2012, when Plaintiff alleges he was "subject to an unreasonable search of his personal body and body cavity outside of a custodial setting in public view . . . ." <u>See</u>

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), D.S.C. The Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2] In addition to this question being unclear in the Complaint itself, Defendants state in their Notice of Removal that "when asked, Plaintiff's counsel would not confirm or deny that he was only bringing claims pursuant to state law". <u>See</u> Court Docket No. 1, p. 2.



Complaint, ¶ ¶ 7-8.[3]   Plaintiff then asserts claims against the three (3) named Defendants for unreasonable search and seizure (First Cause of Action), negligence (Second Cause of Action), negligent hiring (Third Cause of Action), and intentional infliction of emotional distress (Fourth Cause of Action).[4]   None of these claims appear to have been intended to be asserted under federal law.  However, in his negligence cause of action, Plaintiff does allege that the Defendants' negligence "caused injury to the Plaintiff by violating his constitutional rights and making an unauthorized search of his personal body and body cavity causing the Plaintiff emotional and physical distress", which is what the Defendants cited in removing this case to federal court on the ground that Plaintiff had asserted claims under federal law.  Court Docket No. 1; see Complaint, ¶ 13.  See also ¶ 15.[5]   Even so, to the extent Plaintiff *has* intended to assert a federal constitutional claim or claims in his Complaint against these Defendants, any such claims are subject to dismissal.

First, the Charleston County Sheriff's Department is a separate and distinct entity from Charleston County.  Sheriff's deputies work for the Sheriff, not Charleston County, and under

---

[3]Plaintiff never actually identifies in his Complaint who it was that conducted this traffic stop and "unreasonable" search.  Plaintiff does in the Complaint identify an "Andrew Miller" as being an "officer" (apparently a Charleston County Sheriff's Deputy).  Id., ¶ 4.  However, Plaintiff does not allege that Miller is the individual who stopped him, nor is Miller named as a party Defendant in this case.

[4]Plaintiff also seeks an "order of discovery" and attorney's fees, which he styles as causes of action.  However, these are not actually "causes of action" in the proper sense, and have therefore not been addressed as such.

[5]The undersigned is constrained to note, however, that a constitutional claim does not lie for mere negligence.  See Pink v. Lester, 52 F.3d 73(4th Cir. 1995) [Federal constitutional claim under 42 U.S.C. § 1983 does not lie for negligent conduct]; see also DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 200-203 (1989) [§ 1983 does not impose liability for violations of duties of care arising under state law]; Baker v. McClellan, 443 U.S. 137, 146 (1976) [§ 1983 claim does not lie for violation of state law duty of care].



South Carolina law, the Sheriff and Sheriff's deputies are state, not County, employees. See Cone v. Nettles, 417 S.E.2d 523, 524 (S.C. 1992); Heath v. Aiken County, 368 S.E.2d 904, 905 (S.C. 1988). Charleston County as a body politic does not supervise, and has no control over, Sheriff's deputies or the operation of the Sheriff's Department. See S.C. Code Ann. 4-9-650 [Providing that the County Administrator shall exercise no authority over any elected officials of the County whose offices were created either by the Constitution or by the general laws of the State]; S. C. Const. Art. V, § 24 [Creating the office of sheriff]; see also Henry v. Horry County, 514 S.E.2d 122, 123 (S.C. 1999) [Sheriff's are constitutional officers in South Carolina]. Therefore, Charleston County is not a proper party Defendant for any claim Plaintiff may be asserting that his constitutional rights were violated by employees of the Sheriff's Department or Sheriff Al Cannon. Allen v. Fidelity and Deposit Company of Maryland, 515 F.Supp. 1185, 1190-1191 (D.S.C. 1981) [a County cannot held liable or responsible for actions taken by employees who were hired, supervised, or terminated by the Sheriff of that county], aff'd. 697 F.2d 716 (4th Cir. 1982); Gomez v. Toledo, 446 U.S. 635, 640 (1980) [In order to state a cause of action under § 1983, a plaintiff must show that the named defendant deprived him or her of a federal right].

With respect to the remaining two Defendants, although the Defendants in their brief address Plaintiff's constitutional claims against these Defendants under the theory of supervisory liability and/or "custom and practice" liability, both Plaintiff and the Defendants are clear in their briefs (as well as it being clearly stated in Plaintiff's Complaint) that Sheriff Cannon is only named as a Defendant in this case in his official capacity as Sheriff of Charleston County.[6] As such, there

---

[6]Indeed, although Sheriff Cannon is listed in the caption of Plaintiff's Complaint, he is
(continued...)



is no issue of supervisory liability or potential liability under a "policy or custom" argument presented, as neither Sheriff Cannon in his official capacity or the Charleston County Sheriff's Department are even subject to suit in this Court for a constitutional claim under § 1983.[7]

It is well established in South Carolina that a sheriff's office is an agency of the State, not a County. Stewart v. Beaufort County, et al., 481 F.Supp.2d 483, 492 (D.S.C. 2007). As such, as asserted against the Charleston County Sheriff's Department, or Cannon in his official capacity, any alleged constitutional claims constitute a suit against the State of South Carolina itself. Id.; see also Gulledge v. Smart, 691 F.Supp. 947 (D.S.C. 1988), aff'd., 878 F.2d 379 (1989); Carroll v. Greenville County Sheriff's Dept., 871 F.Supp. 844, 845-846 (D.S.C. 1994); cf. Monell v. Department of Social Services, 436 U.S. 658, 691, n. 55 (1978) ["Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"]; Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) ["A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity"]. The Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts (such as a Sheriff's Department), or its officials in their

---

[6](...continued)
nowhere mentioned in the text of the Complaint. Rather, the Defendants are identified as being "Charleston County and Charleston County Sheriff's Department". Complaint, ¶ 2.

[7]While Plaintiff does not identify a basis for pursuing a constitutional claim in his Complaint, Defendants correctly note that any such claim or claims would be brought under 42 U.S.C. § 1983, which is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. McKnight v. Rees, 88 F.3d 417(6th Cir. 1996).

5



official capacities (such as Sheriff Cannon), by a citizen of South Carolina or a citizen of another state. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)(reaffirming Hans v. Louisiana, 134 U.S. 1, 10 (1890) [holding that a citizen could not sue a state in federal court without the state's consent]; Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)[although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens]; Alabama v. Pugh, 438 U.S. 781, 782 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Edelman v. Jordan, 415 U.S. 651, 663 (1974)[stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants"](quoting Ford Motor Co. v. Dep't. of Treasury, 323 U.S. 459, 464 (1945)); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Bellamy v. Borders, 727 F. Supp. 247, 248-50 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-85 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrs., 460 F. Supp. 805, 808-09 (D.S.C. 1978).

While the United States Congress can override Eleventh Amendment immunity through legislation, Congress has not overridden the States' Eleventh Amendment immunity in § 1983 cases. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Further, although a State may consent to a suit in a federal district court, Pennhurst, 465 U.S. at 99 & n.9, the State of South Carolina has not consented to such actions. Rather, the South Carolina Tort Claims Act expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only



in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. S.C. Code Ann. § 15-78-20(e).[8]  Therefore, to the extent Plaintiff has intended to assert any federal constitutional claims against these Defendants in this lawsuit, they must be dismissed.

Finally, If the recommendation set forth herein with respect to Plaintiff's federal claims (if, indeed, any were intended to be asserted) is accepted, the only claims remaining in this lawsuit will be Plaintiff's state law claims being asserted against the State pursuant to the South Carolina Tort Claims Act. Since Plaintiff has asserted no valid federal claim, this Court should not exercise supplemental jurisdiction over these state law claims. See Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ['"[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. When federal claims presented in a case originally

---

[8]Notwithstanding the fact that the State of South Carolina has expressly not consented to suit in a federal District Court, by removing this case to Federal Court the Defendants waived their immunity as to any claims to which the State has made itself subject to suit in state court. Lapides v. Board of Regents of the Univ. System of Georgia, 535 U.S. 613, 619 (2002)[A state's voluntary appearance in federal court waives sovereign immunity to claims where a state has consented to suit in its own courts for such claims]; see also Cameron v. Cox, No. 10-1278, 2011 WL 1235308 at * 4 (D.S.C. Jan. 21, 2011) adopted by, 2011 WL 1212177 (D.S.C. Mar. 30, 2011).  However, this waiver of immunity does not extend to claims for which the State has not waived its immunity from suit in state court. Cf. Stewart v. North Carolina, 393 F.3d 484, (4th Cir. 2005)[finding no waiver where state has not consented to suit in its own courts for such claims].  The State of South Carolina has not consented to suit for damages for federal constitutional violations, even in its own courts, as the South Carolina Torts Claim Act expressly waives the State's immunity from suit in state court only for specified state tort causes of action. See S.C. Code Ann. § 15-78-20(b), (e); cf. Bergemann v. Rhode Island Dep't of Environmental Management, 665 F.3d 336, 342-343 (1st Cir. 2011); Lombardo v. Pennsylvania Dep't. of Public Welfare, 540 F.3d 190, 198-199 (3d Cir. 2008) ["We hold that while voluntary removal waives a State's immunity from suit in a federal forum, the removing State retains all defenses it would have enjoyed had the matter been litigated in state court, including immunity from liability]; Embury v. King, 361 F.3d 562 (9th Cir. 2004).



filed in state court are dismissed, any remaining state law claims are ordinarily remanded back to state court for resolution under the general doctrine developed in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See In Re Conklin, 946 F.2d 306, 324 (4th Cir. 1991); Nicol v. Imagematrix, Inc., 767 F.Supp. 744, 746, 749 (E.D.Va. 1991); Mills v. Leath, 709 F.Supp. 671, 675-676 (D.S.C. 1988); Carnegie-Mellon v. Cohill, 484 U.S. 343 (1988); Taylor v. Waters, 81 F.3d 429, 437 (4th Cir. 1996). This doctrine recognizes the state court's role in determining whether dismissal of state law claims is warranted; Gibbs, 383 U.S. at 726; and remand of these remaining state law causes of action will therefore allow the more appropriate court to rule on these exclusively state law issues. Even more importantly, if dismissal of these claims were to be denied, it would be much more appropriate for these state law claims to be considered and tried by the state courts.

Therefore, if the Court adopts the recommendation herein for dismissal of any federal claims Plaintiff may be asserting, his remaining state law causes of action should be remanded back to state court for disposition. See Clark v. Brown, 861 F.2d 66, 68 (4th Cir. 1988)[Directing dismissal of state law claims on remand following dismissal of Plaintiff's federal § 1983 claim]; Mills, 709 F.Supp. at 675-676 [Noting that federal courts should generally decline to exercise pendant jurisdiction over remaining state law claims after dismissal of federal claims in a lawsuit]; Carnegie-Mellon, 484 U.S. at 350, n. 7 ["[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state law claims."].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion to dismiss any federal constitutional claims Plaintiff may be asserting be **granted,** and that those claims be



**dismissed**.  This case should then be remanded back to state court for disposition of Plaintiff's state law causes of action.

    The parties are referred to the Notice Page attached hereto.

                _____
                Bristow Marchant
                United States Magistrate Judge

March 23, 2016
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

