IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Khiry Mungin, | ) | Civil Action No. 2:15-4931-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Charleston County, J. Al Cannon, *in his* | ) | |
| *capacity as Sheriff of Charleston County,* | ) | |
| *and* Charleston County Sheriff's | ) | |
| Department, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendants' motion to dismiss be granted in part and that the case be remanded to the Charleston County Court of Common Pleas. For the foregoing reasons, the Court adopts the Report and Recommendation in part and declines to adopt it in part, dismisses Charleston County from this action, dismisses Plaintiff's federal constitutional claims, and remands this matter to the Charleston County Court of Common Pleas.

## I.    <u>Background</u>

On November 6, 2015, Plaintiff Khiry Mungin filed the present action in the Charleston County Court of Common pleas, alleging that Charleston County Sheriff's deputies performed an unreasonable body cavity search on him on November 8, 2012. Specifically, Plaintiff's vehicle was stopped by Sheriff's deputies on Ashley River Road in Charleston County. Plaintiff alleges that he "notified the Deputies that he had drugs on his person and he would retrieve them" but that deputies nonetheless "continued their intrusion and removed drugs from Plaintiff's personal body and body cavity" while Plaintiff was in public view. (Compl. ¶¶ 8–9.)

Defendants removed to this Court on December 11, 2015 and shortly thereafter moved to dismiss the case. On March 23, 2015, the Magistrate Judge recommended that the motion to dismiss be granted in part and that the case be remanded to state court. No party filed objections to the Report and Recommendation.

## II.    Legal Standard

### A.    Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation," *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

### B.    Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . .  Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks

and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.   **Analysis**

Plaintiff names three Defendants: Charleston County, Charleston County Sheriff Al Cannon, and the Charleston County Sheriff's Department. Sheriff Cannon is sued only in his official capacity. Charleston County has no control over the actions of the Sheriff, a state officer, or the Sheriff's Department, a state agency. *See* S.C. Code 4-9-650; *Stewart v. Beaufort Cty.*, 481 F.Supp.2d 483, 492 (D.S.C. 2007). Plaintiff makes no allegations regarding any act attributable to Charleston County. Accordingly, the Magistrate Judge recommends that Charleston County be dismissed from this action. (R. & R. 3–4.) Plaintiff has not objected to that recommendation. The Court agrees with the Report and Recommendation and dismisses Charleston County from this action.

Regarding the remaining Defendants, the Sheriff and the Sheriff's Department, the Magistrate Judge recommends that, to the extent that Plaintiff intended to assert federal constitutional claims pursuant to 42 U.S.C. § 1983, neither is subject to suit under § 1983 because they are protected by South Carolina's Eleventh Amendment immunity. Plaintiff has not objected to the Magistrate Judge's recommendation that his federal constitutional claims be dismissed. The Court agrees with the Magistrate Judge's conclusion that Plaintiff's federal constitutional claims should be dismissed, but reaches that conclusion for different reasons. Although Eleventh Amendment immunity is a "jurisdictional bar" to hearing a case, it is not a limitation on subject-matter jurisdiction. *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 542–43 (4th Cir. 2014). The distinction is that the immune defendants must assert Eleventh Amendment immunity, which they have failed to do here. *Id.* at 543. The Sheriff and Sheriff's Department waived South Carolina's Eleventh Amendment immunity by removing this action to federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002).

Defendants move for dismissal because Plaintiff seeks to hold the Sheriff and Sheriff's Department liable under a *respondeat superior* theory impermissible in § 1983 actions. (Defs.' Mem. Supp. Mot. Dismiss 6, Dec. 16, 2015, Dkt. No. 5-1.) The Court agrees. *Respondeat superior* is not available in a § 1983 action. *Iqbal*, 556 U.S. at 676; *Monell*, 436 U.S. at 691. The Sheriff and Sheriff's Department would only be liable for injuries stemming from a deprivation of constitutional rights by the Sheriff's deputies only "if [they] cause[d] such a deprivation through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (citing *Monell* 436 U.S. at 690–91). Sources of "official policy or custom" giving rise to liability include (1) "written ordinances and regulations;" (2) "affirmative decisions of individual policymaking officials;" (3) omissions by policymaking officials "that manifest deliberate indifference to the

rights of the citizens;" or (4) a practice "so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law." *Id.* at 218 (internal quotation marks and citations omitted). Plaintiff makes no allegations regarding the policies or customs of the Sheriff's Department; therefore, Plaintiff fails to state a § 1983 claim against the Sheriff and Sheriff's Department. The Court therefore dismisses Plaintiff's federal constitutional claims.

Finally, the Court agrees with the Magistrate Judge's recommendation that the Court not exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (R. & R. 7–8.) Neither Plaintiff nor Defendants have objected to that recommendation. The Court therefore remands this matter to the Charleston County Court of Common Pleas.

## IV.    **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation in part and declines to adopt it in part, **DISMISSES** Charleston County from this action, **DISMISSES** Plaintiff's federal constitutional claims, and **REMANDS** this matter to the South Carolina Ninth Judicial Circuit (Charleston County) Court of Common Pleas.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May 2, 2016
Charleston, South Carolina